UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYESHA TIPPINS,                                        Case No. 25-11436

      Plaintiff,                                        F. Kay Behm
v.                                                              United States District Judge

COMMON GROUND,

      Defendant.
_____ /

**OPINION AND ORDER ON DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT (ECF No. 5)**

## I.    PROCEDURAL HISTORY

Plaintiff, Myesha Tippins, filed this employment action on May 15, 2025.

(ECF No. 1).  This matter was originally pending before District Judge Brandy R.

McMillion and was reassigned to the undersigned on September 19, 2025 as a

companion case to *Tippins v. Common Ground*, Case No. 24-10923.  (ECF No.

11).  Defendant filed a motion to dismiss the complaint on July 7, 2025.  (ECF

No. 5).  This matter is fully briefed.  (ECF Nos. 9, 10).  The court held a hearing

on the motion to dismiss on February 25, 2026.  (ECF No. 12).

For the reasons set forth below, the court **GRANTS** in part and **DENIES**

in part the motion to dismiss the complaint.

1

## II.    FACTUAL BACKGROUND

Plaintiff brings federal claims under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA), along with state law claims under the Michigan Persons with Disabilities Civil Rights Act (PWDCRA).  (ECF No. 1).  Plaintiff previously brought the same complaint against Defendant, which was dismissed for lack of proper service of process/lack of personal jurisdiction.  *See* Case No. 24-10923, ECF No. 27.

On June 15, 2023, Plaintiff filed a charge of discrimination with the EEOC as to her claims under the ADA.  (ECF No. 5-2).  On January 10, 2024, the EEOC issued a Determination and Notice of Rights, telling Plaintiff that she had 90 days from the date her receipt of the notice in which to file her lawsuit.  (ECF No. 5-3).  Within that 90-day period, Plaintiff filed her complaint in Case No. 24-10923.  She did not properly serve Defendant with the summons and complaint before the summons expired (and did not move to extend the summons).  Defendant filed a dispositive motion asserting lack of proper service of process and lack of personal jurisdiction.  After oral argument, the court granted defendant's motion and dismissed Plaintiff's complaint without prejudice on May 15, 2025.  Plaintiff filed the present complaint on that same date.

III.    **ANALYSIS**

A.    Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] … [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense … appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted).  A claim has "facial plausibility"

when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.  Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings").  Nonetheless, it is well established that, in some circumstances, a court may consider matters

beyond the pleadings without converting the motion to one for summary

judgment under Rule 56.  Examples include "any exhibits attached [to the

Complaint], public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are

referred to in the Complaint and are central to the claims contained therein."

*Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

B.       Statute of Limitations on Federal Claims

As explained in *Busler v. Nissan N. Am., Inc*., 688 F. Supp. 3d 668, 686

(M.D. Tenn. 2023), typically, "[s]tatute-of-limitations defenses are [more]

properly raised in Rule 56 motions [for summary judgment], rather than Rule

12(b)(6) … motions, because '[a] plaintiff generally need not plead the lack of

affirmative defenses to state a valid claim.'"  *Id*. (quoting *Munson Hardisty, LLC*

*v. Legacy Pointe Apartments, LLC*, 359 F. Supp. 3d 546, 567 (E.D. Tenn. 2019)

(citation omitted).  However, if it is "'apparent from the face of the complaint

that the time limit for bringing the claim[s] has passed,'" then the plaintiff, if

she wishes to avoid dismissal, has an "obligation to plead facts in avoidance

of the statute of limitations defense."  *Busler*, 688 F. Supp. 3d at 686, (quoting

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover*

*v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).  When "the

5

allegations in the complaint affirmatively show that a claim is time-barred,"

then "dismissing the claim under Rule 12(b)(6) is appropriate." *Id*. (quoting

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).  Plaintiff's

complaint alleges that her right-to-sue letter was issued on January 10, 2024

and her complaint was filed more than 90 days after that date.   Accordingly, it

appears from the face of Plaintiff's complaint that her ADA claims are time-

barred.  Thus, this motion is properly decided under Rule 12(b)(6).

"A plaintiff seeking relief under the ADA must file suit within ninety days

of receiving a right-to-sue letter from the EEOC."  *Mayers v. Sedgwick Claims*

*Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004).  Federal courts,

including the Sixth Circuit, have strictly enforced the ninety-day statute of

limitations against all litigants.  *Jones v. Starbucks Coffee Co.*, 2005 WL

1398540, at *2 (N.D. Ohio June 13, 2005) (citing *Graham-Humphreys v.*

*Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th Cir. 2000); *Truitt v.*

*County of Wayne,* 148 F.3d 644, 647 (6th Cir. 1998)).  It is well settled under

binding Sixth Circuit precedent that Plaintiff's prior case in this court did not

toll the limitations period.  *See Wilson v. Grumman Ohio Corp*., 815 F.2d 26

(6th Cir.1987) (per curiam) (affirming dismissal of suit filed more than 90 days

after receipt of right-to-sue letter and holding that filing a Title VII complaint

6

that is later dismissed without prejudice for failure to perfect service does not toll the statutory filing period).  The facts of the instant case are similar to those before the Sixth Circuit in *Wilson*.  In *Wilson*, the plaintiff received a right-to-sue letter and eighty-seven days later filed a complaint in the Northern District of Ohio.  *Id*. at 27.  The plaintiff's case was dismissed without prejudice because she did not timely serve the defendant in compliance with the Federal Rules of Civil Procedure.  *Id*.  Eighty-five days after the dismissal, the plaintiff in *Wilson* filed an identical complaint in a second lawsuit against the defendant.  *Id*.  The district court dismissed the second complaint because it was not filed within the ninety-day statutory filing period.  *Id*.  On appeal, the plaintiff argued that the dismissal of her prior complaint without prejudice tolled the statute of limitations.  The Sixth Circuit expressly rejected this argument and held that "the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations." *Id*. at 28.  Furthermore, the Sixth Circuit rejected the application of equitable tolling because the plaintiff's "lack of diligence in effecting service upon [the defendant] within the necessary period cannot be the basis for an equitable tolling of the statutory filing period." *Id*. at 29.

The present case is indistinguishable from *Wilson*.  No external

7

circumstances prevented Plaintiff from timely serving her complaint on Defendant in the prior lawsuit.  Thus, Plaintiff's federal ADA claims that were the subject of the EEOC charge are untimely.

Plaintiff's claim for equitable tolling fares no better.  The federal courts bestow equitable tolling sparingly.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted).  Equitable tolling is typically only available when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.  *Graham-Humphreys*, 209 F.3d at 561; *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir. 1995) (concluding that petitioner's failure to satisfy a deadline due to "garden variety neglect" cannot be excused by equitable tolling).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Graham-Humphreys*, 209 F.3d at 561 (citation omitted).

The Sixth Circuit has identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge

of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and, (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Graham-Humphreys*, 209 F.3d at 561 (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).  Plaintiff does not claim any lack of notice or knowledge of the filing requirement; thus this factor weighs against equitable tolling.  She was not diligent in pursuing her rights, given her lack of effort to properly and timely serve Defendant with the summons and complaint and failure to seek an extension of the summons in the first litigation.  Although there does not appear that there would be significant prejudice to Defendant to permit equitable tolling, that factor alone does not warrant tolling.  *Taylor v. Wal-Mart Sto/re East, L.P.,* 2018 WL 3551531, *3 (W.D. Tenn. July 24, 2018) (citing *Joyce G. Wilburn v. The Dial Corporation*, 724 F. Supp. 530, 533 (W.D. Tenn. Sept. 11, 1989) ("[A]lthough absence of prejudice to the defendant is one factor for consideration in determining whether to apply equitable tolling, this factor alone does not constitute an independent basis for applying the doctrine.").  The last factor weighs against tolling because Plaintiff does not contend that she was ignorant of the filing deadline.  Thus, other than the lack of prejudice to Defendant, all the factors weigh against equitable tolling.  The court finds

no basis to apply equitable tolling in the circumstances of this case.  *See Wilson*, 815 F.2d at 29 (the Sixth Circuit rejected the application of equitable tolling because the plaintiff's "lack of diligence in effecting service upon [the defendant] within the necessary period cannot be the basis for an equitable tolling of the statutory filing period.").  Accordingly, Plaintiff's ADA claims are barred by the statute of limitations.

However, Plaintiff's FMLA claims are not subject to the exhaustion of administrative remedies requirement like the ADA claims.  *See Roby v. Bloom Roofing Sys., Inc.*, 2022 WL 18936134, at *4 (E.D. Mich. Oct. 13, 2022) (citing 29 U.S.C. § 2617(a)(2) (an employee may bring action to recover damages for violations of FMLA without the need to exhaust any administrative remedies). Instead, as Plaintiff argued at the hearing,[1] her FMLA claims have a two-year statute of limitations period.  *See Madry v. Gibraltor Nat. Corp.*, 2011 WL 1565807, at *1 (E.D. Mich. Apr. 25, 2011) ("The default statute of limitations for an FMLA case is two years, 29 U.S.C. § 2617(c)(1), and three years if the violation is willful, 29 U.S.C. § 2617(c)(2).").  The statute of limitations begins to run on "the date of the last event constituting the alleged violation for which

---

[1] Notably, Plaintiff did not raise this argument in her response to the motion to dismiss and the court does not have the benefit of briefing from the parties on this issue.

the action is brought." *Thomas v. Columbus City Schs.*, 2021 WL 4552397, at

*4 (S.D. Ohio Oct. 5, 2021) (quoting 29 U.S.C. § 2617(c)).  Plaintiff filed this

lawsuit on May 15, 2025.  (ECF No. 1).

Defendant did not, however, move to dismiss the FMLA claims based on

the two-year statute of limitations.  The Sixth Circuit recently emphasized the

principle of party presentation, which means that the court "rel[ies] on the

parties to frame the issues for decision and assign to courts the role of neutral

arbiter of matters the parties present."  *In Re Chrysler Pacifica Fire Recall

Prods. Liab. Litig.*, 143 F.4th 718, 725 (6th Cir. 2025) (quoting *Greenlaw v.

United States*, 554 U.S. 237, 243 (2008)).  As the court explained in *Chrysler

Pacifica*, the principle of party presentation sets a "very high bar" for

addressing an issue that neither party raised, *Dorris v. Absher*, 179 F.3d 420,

426 (6th Cir. 1999), and that bar is cleared only "in exceptional cases or

particular circumstances" or when "the rule would produce a plain

miscarriage of justice," *Koprowski v. Baker*, 822 F.3d 248, 259 (6th Cir. 2016)

(quoting *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009)).

*See In Re Chrysler Pacifica*, 143 F.4th at 726.  "Under the party-presentation

principle, the court is not in 'the business of making arguments for parties'—

even pro se parties."  *Grado v. Med., Indus., & Sci. Prods. Corp.*, 2025 WL

11

2227879, at *3 (S.D. Ohio Aug. 5, 2025) (quoting *Brashear v. Pacira Pharms., Inc.*, 2024 WL 3860465, at *4 n.5 (S.D. Ohio Aug. 19, 2024); *cf. United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (explaining that courts may have a "modest initiating role" in departing from the party-presentation principle in pro se criminal and habeas cases).  Accordingly, the court will not make the parties' arguments for them on whether Plaintiff's FMLA claims are barred by the two-year statute of limitations.  The motion to dismiss the FMLA claims is, therefore, denied without prejudice.

C.      State Law Claims

Defendant argues that where "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial … the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims.").  In this case, the court has dismissed only one category of

Plaintiff's federal claims – the ADA claims – and has not dismissed the FMLA claims.  Thus, at this time, there is no reason for the court to decline supplemental jurisdiction over Plaintiff's state law claims.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.  Plaintiff's ADA claims are **DISMISSED** with prejudice because they are barred by the statute of limitations.  The motion to dismiss is **DENIED** without prejudice as to Plaintiff's FMLA and state law claims.

**SO ORDERED**.

Date: February 27, 2026                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge